IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY HOPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01061-S (BT) |
| | § | |
| RIGHT DIRECTION CRISIS | § | |
| INTERVENTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Jermey Hopson seeks leave to proceed *in forma pauperis* (IFP) in this civil action. *See generally* IFP App. (ECF No. 4). For the following reasons, the Court should deny Plaintiff's motion for leave to proceed IFP and dismiss his case without prejudice unless he pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing they cannot pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment

of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a sworn financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider plaintiff's assets, income together with his spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.,* 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023)* ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses.").

Here, Plaintiff represents — subject to the penalty of perjury — that his average monthly income during the last twelve months was $3,600, and he expects to make $1,500 next month. IFP App. at 1-2. He has $1,500 in a checking account and a $15,000 vehicle. *Id.* at 2-3. He has one dependent and lists $3,857 in expenses. *Id.* at 4-5.

But the Court cannot view this information in isolation given Plaintiff's previous filing history. In February 2026, the Court granted Plaintiff's IFP application in *Hopson v. City of Kaufman, et al.*, 3:26-cv-350-L-BT. There, Plaintiff said that he only expected to make between $0-200 in the next month and only had $1,000 in a checking account.  IFP App. at 1, 3. (ECF No. 4 in the 3:26-cv-350-L-BT case).  So Plaintiff's expected income and the amount in his checking

account have both increased since he last submitted an IFP application. *See*, *e.g.*, *Morris v. Texas Boys Ranch*, 2018 WL 10076680, at *1 (N.D. Tex. Jan. 17, 2018) (Cummings, J.) (taking judicial notice of the plaintiff's IFP application in other civil action before the Court).

Based on all available information, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff financial hardship. He has more than enough in his checking account to cover the $405.00 filing fee. *See*, *e.g.*, *Downey v. United States*, 2019 WL 6218675, at *1 (N.D. Tex. Oct. 21, 2019) (Ramirez, J.) (recommending denial of IFP application where the plaintiff had "approximately $2,000 in a checking or savings account" and did not provide sufficient information about his debts or financial obligation to show that he would suffer undue financial hardship after paying the filing fee), *rec. accepted* 2019 WL 6218647 (N.D. Tex. Nov. 21, 2019) (Scholer, J.); *Taylor v. Freedom Mortgage Corp.*, 2022 WL 3138003 at *1 (S.D. Ga. Apr. 1, 2022) (denying IFP application where the plaintiff had more than enough money in a checking account to pay the $402 filing fee). And though Plaintiff claims that his expenses outpace income, this has not stopped him from saving $500—more than the cost of the filing fee—since he filed his last case in February, further undermining his IFP application.

## Recommendation

The Court should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice unless he pays the $405.00 filing fee within thirty days of an order accepting this recommendation.

3

**SO RECOMMENDED**.

Signed April 8, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4